*Court of Appeals, Third Circuit, Parish of St. Martin.*

JEROME TAYLOR *v.* TELESPHORE FREDERICK ET ALS.

1. A demand for damages, clearly fictitious, will not be considered in determining the question of appellate jurisdiction.

2. The costs of an action follow the judgment, and a demand for such costs in the way of damages will not affect the question of jurisdiction.

3. Where the allegations setting out such claim for damages are too vague to justify proof, the demand will be considered fictitious.

4. The same, where no effort has been made below to establish the demand.

5. Where timber was cut by a trespasser from lands forfeited to the State for taxes, and subsequently said lands are sold by the tax-collector, the purchaser acquires no right to demand restitution from such trespasser.

6. The tax-collector, even had he attempted so to do, would have been without authority to subrogate such a purchaser to the rights of the State against such trespasser.

*Appeal from the Twenty-First Judicial District Court, Parish of St. Martin. Fontelieu, Judge.*

Mouton & Martin for plaintiff.

A. & R. DeBlanc for defendants, appellants.

Plaintiff, claiming to be owner of certain lands, alleges that defendants have unlawfully cut and removed therefrom two hundred and eighty trees, worth three dollars each, or in all eight hundred and forty dollars. He declares also that defendants are indebted to him in the sum of two hundred dollars damages for expenses forced upon him, such as costs, attorney's fees, etc. He prays that the trees in question be adjudged to be his property, and that defendants be condemned to pay him damages in said amount of two hundred dollars. Defendants plead the general denial, and particularly put at issue the plaintiff's alleged title to the lands in question. The judgment below was in favor of plaintiff, and defendants have appealed.

IRION, J., after stating the pleadings and facts.—The appellee has filed a motion to dismiss the appeal on the ground that this court is without jurisdiction *ratione materiæ,* the claims being for the logs, valued at eight hundred and forty dollars, and for two hundred dollars damages, making in all one thousand and forty dollars.

If the claim for two hundred dollars damages were a serious and *bona fide* demand, this court would be without jurisdiction, and the motion to dismiss would prevail; but we are satisfied that it is not a real demand, and that the only matter in dispute is the logs, valued at eight hundred and forty dollars. The plaintiff bases this claim for damages upon the expenses

forced upon him by this suit, such as costs of court, attorney's fees, etc. Without some statement of the amount claimed under each of these allegations, or some evidence to show what they are, it would be impossible for the court to pass upon them at all. The costs of court necessarily follow the judgment, and any claim for them in the body of the petition, as an item upon which the suit is founded, must be considered as a fictitious demand. No evidence was offered in the lower court to sustain the claim for damages. That claim does not appear from the record to have been urged before that tribunal, or to have been considered in rendering the judgment. As a further evidence that the plaintiff was not serious in making such a demand, he has filed no answer to the appeal setting up error in the judgment, though that judgment ignored the demand for damages; nor has he pressed that portion of his claim in this court, except as an allegation in his petition upon which he bases his motion to dismiss. In Pritchard v. Parker, 21 La. An. 745, it was held that an allegation of damages, unsupported by evidence on trial in the court below, would not be considered in estimating the amount in controversy necessary to give the appellate court jurisdiction. This doctrine has been so often affirmed by the Supreme Court that we think it is no longer open for discussion. As already stated, we are satisfied from the record that the logs are the only matter in dispute between the parties, and the motion to dismiss must therefore be overruled.

On the merits several questions as to the validity of plaintiff's title are presented, and quite a number of bills of exception to the rulings of the judge a quo were taken, but the conclusions reached by us dispense us from the necessity of considering that branch of the case.

The evidence adduced by the plaintiff himself shows that the title set up by him was made by Gilbeau, collector, on the 2d of April, 1881, and the trees sued for were cut and removed from the land in the spring of 1880. At the time, therefore, that the alleged trespass was committed the plaintiff had no

shadow of right or title to the trees in question; and his subsequent purchase from the collector, even if valid, only gave him the land as it was at the time of his alleged purchase. There is in the deed of the collector no subrogation to the rights of the State, which existed prior to the deed itself, and if there were the, collector was without any authority in law to incorporate such a clause in his deed. It is clear to us that the plaintiff has totally failed to make out any case against the defendants, and that he is not entitled to a judgment.

The intervenor has not appealed from the judgment of the lower court, even if he could be considered as an appellee. He has filed no appearance in this court asking for a change in the judgment, which makes no mention of his claim. He is therefore not before us at all, and we cannot consider the points presented by him.

Judgment reversed; plaintiff's demand rejected.